## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                         No. CR 07-1761 JB

MICHAEL C. REY,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Sealed Motion in Limine, filed September 10, 2009 (Doc. 147).  The Court held hearings on September 10, 2009 and on September 11, 2009.  The primary issue is whether the Court should prohibit in limine Defendant Michael C. Rey's counsel from cross-examining the United States' witness, DEA Special Agent Kevin Small, regarding allegations that Small was less than candid during the investigation of his misconduct and that Small made false statements on official government documents.  Because the Court concludes that at least some of the proposed questions go to Small's credibility and character, the Court will deny the motion.  It will, however, circumscribe Rey's questions to those related to Small's credibility, and not allow Rey to ask questions that are intended merely to embarrass Small.

The United States concedes that the questions and testimony sought to be excluded is likely admissible as evidence of specific instances of conduct that tend to prove truthfulness or untruthfulness under rule 608(b) of the Federal Rules of Evidence.  It seeks instead to have the evidence excluded on the grounds that it is not relevant, and, alternatively, that it will tend to mislead the jury or confuse the issues.  See Fed. R. Evid. 402, 403.  Rey's response was based in the

Confrontation Clause of the United States Constitution which, he argues, provides a criminal defendant very broad rights to cross-examine the witnesses against him.  Rey also emphasized the probitiveness and importance of the testimony to the issue of Small's credibility and the heavy burden necessary to exclude evidence under rule 403.

For the reasons stated at the hearing, and for further reasons consistent with those already stated, the Court will deny the United States' motion.  The Court finds that the Rules of Evidence permit such attacks on the credibility of witnesses and that the testimony in question would be relevant.  Credibility is always relevant, and the Court is reluctant to limit Rey's ability to put whatever defenses he has.

In denying this motion, however, the Court cautions Rey that questions shall relate to Small's character for truthfulness, and not asked merely to embarrass Small or to prejudice the jury against him on any other basis.  See United States v. Beltran-Garcia, Nos. 07-4237, 07-4246, 2009 WL 2231667, at *7 (10th Cir. July 28, 2009) (noting in a similar situation that, although excluding the evidence was within the court's discretion, it "could have dealt with these risks by allowing appropriately circumscribed questions").  The Court will be alert to questions that are designed to embarrass rather than discredit Small's character for truthfulness.  The Court will begin to sustain objections to questions that roam out of the proper scope of rule 608(b).[1]

---

[1]After the Court made its oral ruling at the hearing, the United States asked the Court to require Rey to script and to submit his cross-examination questions before trial.  The Court denies the United States' request.  While the Court appreciates the United States' concern, it will not require Rey's counsel to engage in such work on the eve of trial, but instead will rely on the competence and professionalism of excellent counsel to understand the Court's limits and to observe them as they get through this area of Small's testimony.

**IT IS ORDERED** that the United States' Sealed Motion in Limine is denied.


_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
James R.W. Braun
Nicholas Jon Ganjei
  Assistant United States Attorneys
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Robert Jason Bowles
Bowles & Crow
Albuquerque, New Mexico

-- and --

Robert J. Gorence
Gorence & Oliveros, P.C.
Albuquerque, New Mexico

  *Attorneys for the Defendant*