IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                         No. CR 07-1761 JB

MICHAEL C. REY,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to the Pre-Sentence Report, filed May 21, 2010 (Doc. 231). The Court held a sentencing hearing on June 9, 2010.[1] The primary issues are: (i) whether the Court should strike from the Defendant Michael C. Rey's Presentence Investigation Report (disclosed May 11, 2010)("PSR") that Rey at one time used the alias Michael Charles Powell; (ii) whether the Court should order the PSR be amended to state that Rey gave his version of events at both trials in this case; (iii) whether Rey should receive an adjustment to his offense level for acceptance of responsibility; and (iv) whether the Court should reject paragraph 56 of the PSR, which states that Rey's net worth is $84,212.00 and recommends that the Court impose a fine. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court will sustain in part and overrule in part Rey's objections.

First, the Court sustains in part and overrules in part Rey's first objection -- that he has never used the alias Michael Charles Powell. The PSR currently states, on page 2: "Aliases: Michael Charles Powell." PSR at 2. Rey asserts that he has never used this name as an alias. The

---

[1] Because of issues raised at the sentencing hearing, the sentencing was continued until September 3, 2010. This Order therefore does not discuss any sentence of imprisonment.

Addendum to the Presentence Report (dated May 26, 2010)("Addendum") that the United States Probation Office ("USPO") provided, however, states that the National Law Enforcement Telecommunications System lists "Michael Charles Powell" as one of Rey's aliases. At the hearing, the Court suggested that it amend the PSR to add a parenthetical after the above sentence, which will read: "Mr. Rey denies that he has used this alias, but this alias shows up in the National Law Enforcement Telecommunications System." Robert Gorence, Rey's attorney, and Assistant United States Attorney Nicholas Ganjei both agreed to this amendment. See Transcript of Hearing at 2:24-3:6 (taken June 9, 2010)("Tr.").[2] The Court thus sustains in part and overrules in part Rey's first objection, and orders that the PSR be so amended.

After Rey filed his Objections, the USPO disclosed the Addendum to the PSR. The Addendum resolved two of Rey's objections. First, in the Addendum, the USPO agreed to amend the PSR to state that "[t]he defendant's versions of the offense conduct was provided by his testimony in his two trials." Addendum at 1. Second, in the Addendum, the USPO agreed that Rey accepted responsibility for the offense for which he was ultimately found guilty and recommended that he be given a 2-level downward adjustment to his offense level. With this adjustment, Rey's total offense level will be 2 and his criminal history category will be I, resulting in a guideline imprisonment range of 0 to 6 months. At the hearing, the Court asked if the Addendum to the PSR rendered moot Rey's second and third objections, to which Mr. Gorence responded in the affirmative. See Tr. at 3:9-20. The Court thus overrules as moot Rey's second and third objections.

Finally, the Court overrules without prejudice Rey's final objection, in which he asks that the PSR be amended "to indicate that his true asset base does not include property that was bought

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

with inheritance funds and that he does not have the ability to pay a fine, nor should one be assessed." The Court will not add this suggested change. At the hearing, the Court gave its inclination that it might not be an appropriate time to discuss the issue of a fine, at which point Mr. Gorence suggested that he might brief that issue separately. Because both parties expect to file further briefing in this matter, because both parties appear to feel strongly about the issue of an appropriate fine, and because the Court has advised them to address the issue of a fine in this future briefing, the Court will not at this time decide whether a fine is appropriate. The Court will not, however, revise the PSR, because the Court agrees with the USPO that Rey appears to have the assets to pay a fine, even if they are somewhat illiquid.

**IT IS ORDERED** that Defendant Michael C. Rey's objections to the Presentence Investigation Report are sustained in part and overruled in part, as set forth above.

                                    _____
                                    UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
James R.W. Braun
Nicholas Jon Ganjei
  Assistant United States Attorneys
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Robert J. Gorence
Gorence & Oliveros, P.C.
Albuquerque, New Mexico

        *Attorneys for the Defendant*