IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                         No. CR 07-1761 JB

MICHAEL C. REY,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the United States' Sentencing Memorandum, filed June 30, 2010 (Doc. 238); and (ii) Defendant Michael C. Rey's Sentencing Memorandum, filed July 15, 2010 (Doc. 241). The Court held a sentencing hearing on June 9, 2010 and September 3, 2010. The primary issues are: (i) whether Defendant Michael C. Rey is entitled to notice of a potential variance; and (ii) whether Rey's conduct warrants a sentence of incarceration or probation. The Court sentences Rey to twenty-two days in custody or time served -- whichever is less -- and one year supervised release.

## PROCEDURAL HISTORY

On August 23, 2007, a grand jury returned a four-count Indictment against Rey. See Redacted Indictment, filed August 23, 2007 (Doc. 2). Count 1 charged Rey with possession with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); Count 2 charged Rey with manufacturing 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); Count 3 charged Rey with maintaining a place for manufacture and distribution of controlled substances, in violation of 21 U.S.C. § 856 (a)(1) and (b); and Count 4 charged Rey with criminal forfeiture, in violation of 21 U.S.C. § 853.

On September 26, 2007, Rey entered a plea of not guilty on all four counts of the Indictment. That same day, he was released on his own recognizance with pretrial supervision. On October 31, 2007, Rey was arrested for an alcohol violation of his conditions of release. He remained in custody for 22 days, until November 20, 20007.

Rey appeared before the Court for a jury trial from September 14 to September 18, 2009. See Clerk's Minutes, filed September 14, 2009 (Doc. 180). The jury returned a verdict of not guilty as to Count 1 of the Indictment and found Rey guilty of the lesser included offense of Simple Possession. See Redacted Verdict, filed September 19, 2009 (Doc. 179). The jury hung on Counts 2 and 3. Plaintiff United States of America decided to retry Rey on Counts 2, 3, and 4 of the Indictment. Rey appeared before the Court for a second jury trial from March 15 to March 18, 2010. See Clerk's Minutes, filed March 15, 2010 (Doc. 234). The jury returned a verdict of not guilty on Counts 2 and 3, and Count 4 was consequently dismissed. See Redacted Verdict, filed March 18, 2010 (Doc. 227). Rey was thus tried and convicted of Simple Possession, a violation of 21 U.S.C. § 844(a), a misdemeanor. Because the crime is a misdemeanor, the Court is not required to impose a sentence of imprisonment. See U.S.S.G. § 5C1.1(b).

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") on May 11, 2010. The PSR assigned Rey a base offense level or 4 and a criminal history of 2, establishing a criminal history category I. Rey filed Objections to the Pre-Sentence Report, filed May 21, 2010 (Doc. 231). In part, Rey asserted that, although he went to trial and successfully defended against the charge of possession with intent to distribute, he fully admitted the factual elements of guilt as to the lesser included offense of simple possession. He testified at trial that he was a user of marijuana and that he possessed the marijuana discovered in the yurt on his Jemez Springs land. Therefore, Application Note 2 to U.S.S.G. § 3E1.1, which provides that a reduction

for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt" is inapplicable and does not foreclose the 2-level reduction authorized by § 3E1.1(a).  After Rey filed his Objections, on May 26, 2010, the USPO disclosed the Addendum to the PSR.  The Addendum resolved Rey's acceptance-of-responsibility objection.  In the Addendum, the USPO agreed that Rey accepted responsibility for the offense for which he was ultimately found guilty and recommended that he be given a 2-level downward adjustment to his offense level.  With this adjustment, Rey's total offense level will be 2 and his criminal history category will be I, resulting in a guideline imprisonment range of 0 to 6 months.  Rey agrees that this adjustment in the Addendum moots his objection.  See Memorandum Opinion and Order at 2, filed September 3, 2010 (Doc. 246).

Rey was scheduled to be sentenced on June 9, 2010.  See Sentencing Minute Sheet, filed June 9, 2010 (Doc. 245).  At the sentencing hearing, the United States indicated that it would seek an upward departure from the sentencing guidelines range on the basis of Rey's relevant conduct. Rey objected to the United States's sentencing position, arguing that he was entitled to notice of the government's intent to depart, and requested a continuance on this basis.  The United States also requested a continuance to prepare argument regarding relevant conduct. The Court granted a continuance on these bases and asked the parties to submit their respective positions regarding sentencing.

On June 30, 2010, the United States filed its Sentencing Memorandum.  The United States argues that Rey was not entitled to notice that the United States would seek a variance.  It contends that the plain language of rule 32(h) of the Federal Rule of Criminal Procedure does not require notice, and the Supreme Court has rejected the notion that the Court must give notice of its intention to vary above or below the Guideline range.  See United States v. Irizarry, 553 U.S. 708, 708

(2008)("Rule 32(h) does not apply to a variance from a recommended Guidelines range."). The United States further argues that the Court's granting a continuance satisfies any need for notice.

The United States also argues that Rey's conduct warrants a sentence of no less than 12 months imprisonment. In particular, the United States argues the quantity of marijuana found in Rey's yurt warrants the statutory maximum. At the June 9, 2010 hearing, the United States argued that a sentencing enhancement was warranted because of Rey's relevant conduct. The Court stated that it did not believe the doctrine of relevant conduct applied in the context of a conviction pursuant to 21 U.S.C. § 844(a) and U.S.S.G. § 2D1.1. The United States now concedes the point with respect to the application of the guidelines. Nevertheless, the United States argues that the Court should not ignore Rey's conduct in this case, and should take his actions into account and vary upward under the 18 U.S.C. § 3553(a) factors. In particular, the United States asserts that specific and general deterrence demand a lengthy sentence and a heavy fine, lest Rey and the community of Jemez Springs think that violating the drug laws carries little or no consequence. Moreover, if the Court does not consider the facts of Rey's case, the United States asserts, then the Court would treat him the same as a hiker found with a single marijuana cigarette in a national park, despite Rey's possession of a pound of marijuana in his yurt -- which the United States asserts could not have been for personal use.

The United States also asks the Court to make factual findings that the grow lamps on Rey's property belonged to him. The United States argues that, despite the jury not finding that the United States had established ownership of the marijuana growing in the yard beyond a reasonable doubt, the Court can nonetheless find by a preponderance of the evidence that the materials belonged to Rey and sentence him accordingly. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense

which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); United States v. Watts, 519 U.S. 148, 155 (1997); United States v. Magallanez, 408 F.3d 672, 684 (10th Cir. 2005).

The United States also argues that any fine less than $100,000.00 will fail to accomplish the guidelines' punitive goals. The United States argues that the guidelines require the Court to impose a substantial pecuniary penalty. See U.S.S.G. § 5E1.2(d). The United States asserts that Rey's land in Jemez, which he has allowed to lie fallow, and his support from his family, which allowed Rey to buy a new Toyota Tacoma pickup truck and to pay off his students loans in a single payment, demonstrate the need for a substantial fine. The United States contrasts Rey with the average defendant in the criminal justice system, contending that Rey had every privilege and opportunity that can be afforded a young man, yet he has refused to make anything of his life.

On July 15, 2010, Rey filed his Sentencing Memorandum. See Doc. 241. Rey requests that the Court impose a sentence of six months probation. Rey asserts that this sentence falls within the Sentencing Guidelines range, adequately reflects the sentencing considerations of 18 U.S.C. § 3553(a), and is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a)(2). Rey further argues that he is unable to pay a fine and asks the Court to find as much based on the relevant factors articulated in 18 U.S.C. § 3572. Rey acknowledges that the Court may consider whether or not he cultivated the marijuana pursuant to 18 U.S.C. § 3661 and United States v. Magallanez to the extent that such facts are relevant to § 3553(a) factors, including "the nature and circumstances" of Rey's offense. Rey's Sentencing Memorandum at 8. Rey does not dispute the United States' contention that he was not entitled to notice that the United States would seek a variance.

## **ANALYSIS**

The Court, having prepared twice for Rey's sentencing, has reviewed carefully the PSR's

factual findings.  There not being a dispute about those at the present time -- the Court having made rulings on Rey's objections in its September 3, 2010 Memorandum Opinion and Order -- the Court adopts the PSR's factual findings as its own subject to its earlier Memorandum Opinion and Order. The Court also considered the sentencing guideline applications in the PSR.  There not being any dispute about those calculations, the Court will adopt them as its own.  The offense level is 2 and the criminal history category is I.  The guideline imprisonment range is 0-6 months.

      The Court notes that Rey was in possession of 540.9 net grams of marijuana.  The Court has carefully considered the guidelines, but in reaching its sentence, has taken account not only the guidelines but other sentencing goals.  Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant.  The Court will make the findings that the United States requests.  The Court finds that the United States has proved to the Court's satisfaction by a preponderance of the evidence that Rey possessed the marijuana and grow lights found outside of his yurt.  The Court does not find, however, the United States has proved by a preponderance of the evidence that the defendant intended to distribute the marijuana.  Nevertheless, the Court has carefully considered the evidence in two trials and in the PSR, and the Court believes that the punishment that is set forth in the guidelines is appropriate for this sort of offense.  The Court has considered the United States' request for a variance above the guidelines to the statutory maximum.  The Court does not believe an upward variance to be appropriate.  The Court believes that the guideline range between 0-6 months for a simple possession charge is appropriate here.  While the Court's view is that Rey knew that the marijuana plants were on his property and may have had some involvement with cultivating them, the Court does not find that the United States has shown that he was distributing marijuana.  The Court thus regards this largely as a simple possession case.  Rey has, to date, not been a responsible and mature

adult, and needs to use this event as a massive wake-up call. The Court therefore believes that the guidelines provide an adequate sentence here. The Court has considered the kinds of sentences and range established by the guidelines, and the Court has considered the United States' request for incarceration, but the Court is unconvinced additional incarceration would be an appropriate route to deal with Rey. The Court believes that a term of twenty-two days in custody or time served -- whichever is less -- and one year supervised release can achieve the sentencing goals for Rey. The Court has some confidence that Rey is on the right track. The Court does not believe incarceration at this point in his life is going to achieve the factors in 18 U.S.C. § 3553(a).

The Court finds that a sentence of 22 days in custody or time served -- whichever is less -- and one year supervised release adequately reflects the seriousness of the offense for which Rey was convicted and the offense in which the Court believes Rey was involved. The sentence promotes respect for the law, provides just punishment, and affords adequate deterrence. The United States' vigorous prosecution of this case should put members of the Jemez Springs' community on notice of the seriousness of this offense. The sentence protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. The Court believes this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act. The Court will also impose conditions on Rey's supervised release of training and care that the Court thinks will continue to help Rey

overcome some of the problems that he has experienced with marijuana.

At the June 9, 2010 hearing, the Court initially indicated that it was inclined to impose a large fine, because Rey has cost the United States a lot of money in prosecuting two trials, and will continue to cost the United States a lot of money for his supervised release. Upon reflection, and after closely reviewing the advisory guidelines, the Court is not inclined to impose a fine above the advisory guidelines. The Court thinks, however, that Rey should bear some of the costs of his actions. The Court also thinks some fine is appropriate here, because this case involved a substantial amount of marijuana, and Rey's land had a substantial amount of marijuana growing on it, which caused a lot of problems. The Court will therefore impose a fine at the high end of the guideline range for $5,000.00. The Court believes that Rey can pay the fine, and that the fine is not too punitive.

**IT IS ORDERED** that: (i) the United States' Sentencing Memorandum, filed June 30, 2010 (Doc. 238), is granted in part and denied in part as set forth above; (ii) the request in Defendant Michael C. Rey's Sentencing Memorandum, filed July 15, 2010 (Doc. 241), that he be sentenced to six months probation and given no fine is denied; and (iii) the Court sentences Rey to twenty-two days in custody or time served -- whichever is less -- and one year supervised release.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
James R.W. Braun
Nicholas Jon Ganjei
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Robert J. Gorence
Gorence & Oliveros, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*